IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jerry C. Edwards, #148811, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:19-2872-HMH-MHC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Clinical Solutions, Nurse C. Pittman, | ) | |
| Officer Madden, K. Olszewski, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Molly H. Cherry made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Jerry C. Edwards ("Edwards"), a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Defendants Nurse Cynthia Pittman ("Pittman"), Officer Wessley Madden ("Madden"), and Kimberly Olszewski ("Olszewski") (collectively, "GCDC Defendants")[2] filed a motion to dismiss/motion for summary judgment. (ECF No. 25.) Defendant Clinical Solutions ("Clinical Solutions") filed a motion to dismiss (ECF No. 32) and a motion to dismiss or, in the alternative, for summary judgment (ECF No. 35). In her Report and Recommendation, Magistrate Judge Cherry recommends denying Clinical Solutions' motion to dismiss (ECF No. 32) and granting

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Pittman, Madden, and Olszewski are all employees of the Greenville County Detention Center ("GCDC").

GCDC Defendants' and Clinical Solutions' motions for summary judgment (ECF Nos. 25 and 35). (R&R, generally, ECF No. 51.) For the reasons stated below, the court adopts the magistrate judge's Report and Recommendation.

## I. Factual and Procedural History

On October 7, 2019,[3] Edwards filed a complaint against Defendants, alleging violations of his constitutional rights while he was a pretrial detainee at GCDC. (Compl., generally, ECF No. 1.) Specifically, Edwards alleges he informed Madden that Clinical Solutions[4] did not administer his bedtime medication on the evening of July 3, 2019.[5] (Id. at 6, ECF No. 1.) Madden then notified the medical department, Pittman responded, and the two went to Edwards' cell where Pittman dispensed medication to Edwards by 12:16 a.m. on July 4, 2019. (GCDC Mot. Summ. J. Ex. 6 (Pittman Affidavit 1, ECF No. 25-6) & Ex. 3 (GCDC Records 10, ECF No. 25-3).) Edwards alleges Madden and Pittman "ordered" him to take "the wrong medication and the wrong dosage." (Compl. 6-7, ECF No. 1.) Madden and Pittman dispute the allegations of force. (GCDC Mot. Summ. J. Ex. 5 (Madden Affidavit 3, ECF No. 25-5) & Ex. 6 (Pittman

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

[4] Clinical Solutions is a corporation that is responsible for filling prescription medications and distributing those medications to GCDC detainees through employed "Med-Techs." (Clinical Solutions Mot. Ext. of Time Ex. 2 (Derby Affidavit), ECF No. 30-2.) Clinical Solutions is a separate entity from GCDC and does not employ GCDC Defendants. (GCDC Mem. Supp. Mot. Summ. J. 3, ECF No. 25-1.) Med-Techs typically begin bedtime medication distribution around 7:00 p.m. and conclude by 11:00 p.m. (GCDC Mot. Summ. J. Ex. 6 (Pittman Affidavit 1), ECF No. 25-6.)

[5] Edwards alleges that his "back-aches and tremors started to intensify," he experienced muscle spasms, and he "started having suicidal thoughts" because of the delay in receiving his medication. (Compl. 6, ECF No. 1.) In sworn affidavits, both Madden and Pittman stated that neither of them observed Edwards exhibit any physical symptoms nor complain of any mental symptoms or suicidal thoughts. (GCDC Mot. Summ. J. Ex. 5 (Madden Affidavit 3, ECF No. 25-5) & Ex. 6 (Pittman Affidavit 3, ECF No. 25-6).)

2

Affidavit 3, ECF No. 25-6).)  Further, the evidence shows that Pittman administered the correct medication, gabapentin, but a 400 milligram dose, instead of 800 milligrams as Edwards was prescribed.  (Clinical Solutions Reply Ex. 1 (Medical Grievance 1-2), ECF No. 47-1.)  Edwards' regular medicine regimen resumed the morning of July 4, 2019.  (GCDC Mot. Summ. J. Ex. 3 (GCDC Records 9), ECF No. 25-3.)

GCDC Defendants filed a motion to dismiss/motion for summary judgment on May 14, 2020.  (GCDC Mot. Summ. J., ECF No. 25.)  Clinical Solutions filed a motion to dismiss on May 29, 2020.  (Clinic Solutions Mot. Dismiss, ECF No. 32.)  Clinical Solutions filed a motion to dismiss or, in the alternative, for summary judgment on June 8, 2020.  (Clinical Solutions Mot. Summ. J., ECF No. 35.)  The parties filed responses and replies.  On October 16, 2020, the magistrate judge issued a Report and Recommendation, recommending that the court deny Clinical Solutions' motion to dismiss (ECF No. 32) and grant GCDC Defendants and Clinical Solutions' motions for summary judgment (ECF Nos. 25 and 35).  (R&R, ECF No. 51.)  On October 30, 2020,[6] Edwards filed objections to the Report and Recommendation.  (Obj., ECF No. 53.)  Clinical Solutions replied on November 16, 2020.  (Clinical Solutions Reply, ECF No. 54.)  GCDC Defendants replied on November 17, 2020.  (GCDC Reply, ECF No. 55.)  This matter is now ripe for review.

## II. Discussion of the Law

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

---

[6] Houston v. Lack, 487 U.S. 266 (1988).

review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Edwards' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his arguments.  However, the court was able to glean two specific objections. Edwards objects to the magistrate judge's recommendation that Edwards has failed to identify evidence in the record that supports a § 1983 claim against Pittman.[7]  (Obj., generally, ECF No. 53.)  Edwards further alleges that Clinical Solutions is in default and that the court has failed to rule on a motion for default judgment allegedly filed by Edwards.  (Id., generally, ECF No. 53.)

First, Edwards contends that Pittman was deliberately indifferent to his serious medical needs.[8]  (Id., 6-9, ECF No. 53.)  Because Edwards was a pretrial detainee when the alleged harm occurred, his claim is evaluated under the Fourteenth Amendment.  Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (noting that a pretrial detainee's claim for denial of medical care following his arrest was

---

[7] Edwards does not object to the recommendation to grant summary judgment in favor of Madden and Olszewski as to Edwards' § 1983 claims against them.

[8] The magistrate judge recommended granting summary judgment in favor of Pittman on two independent grounds: (1) a reasonable jury could not find for Edwards in his claims of deliberate indifference against Pittman and (2) Pittman is immune from Edwards' claims under the doctrine of qualified immunity.  Edwards' objection only addresses deliberate indifference, it does not address or object to the recommendation that summary judgment is also warranted because of qualified immunity.

properly analyzed under the Due Process Clause of the Fourteenth Amendment and holding that "[t]he due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner[.]"). "[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause." Young, 238 F.3d at 575 (citation omitted). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Id. at 575-76 (citations omitted).

"[A] showing of mere negligence" does not satisfy the high standard for deliberate indifference. Id. at 575 (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

Thus, to state a constitutional claim against Pittman, Edwards must make: (1) a subjective showing that Pittman was deliberately indifferent to his medical needs, and (2) an objective showing that his medical needs were serious. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Edwards claims that Pittman, a licensed practical nurse, was deliberately indifferent to his serious medical needs because Pittman was unauthorized to dispense medication and the medication that she dispensed "was not [Edwards'] medication." (Obj. 7-8, ECF No. 53.) However, Pittman is authorized to dispense prescription medications. (GCDC Mot. Summ. J. Ex. 5 (Pittman Affidavit 1), ECF No. 25-5.) Further, it is undisputed that Pittman administered the correct medication, albeit a lower dosage. There is no evidence that Edwards was in serious need of medical care, much less that Pittman knew of and disregarded an excessive risk to Edwards' health or safety. In dispensing a lower dosage, Pittman's conduct, at best, amounts to negligence. Based on the undisputed facts in the record, Edwards has failed to state a constitutional claim against Pittman.

Second, Edwards alleges that Clinical Solutions is in default and that he has a pending motion for default judgment that has not been considered. (Obj., generally, ECF No. 53.) The record is devoid of any such motion and there is no basis for finding that Clinical Solutions is in default.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Cherry's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that GCDC Defendants' motion for summary judgment, docket number 25, is granted. It is further

**ORDERED** that Clinical Solutions' motion to dismiss, docket number 32, is denied. It is further

**ORDERED** that Clinical Solutions' motion for summary, judgment docket number 35, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 20, 2020

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.